**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| WILLIAM McCOLLISTER, on behalf of himself and others similarly situated, | **Civil Action No.** |
| Plaintiff, | **<u>COMPLAINT - - CLASS ACTION</u>** |
| v. | **JURY TRIAL DEMANDED** |
| VANGUARD FINANCIAL SERVICES, INC., | |
| Defendant. | |

## Nature of the Action

1. William McCollister ("Plaintiff") brings this class action against Vanguard Financial Services, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

## Parties

3. Plaintiff is a natural person who at all relevant times resided in Lawrence County, Ohio.

4. Defendant is a collection agency "provid[ing] services to companies seeking to recover medical debts, retail debts, student loans, commercial debts, past-due rent, and more."[1]

[1] *See* https://vfinancial.net/ (last visited July 29, 2025).

5. Defendant boasts over 20 years of collection experience specializing in healthcare and retail collection services, with 80 years of management experience in the collection industry.[2]

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. In particular, the subject calls and prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject calls and prerecorded voice messages in this district.

## Factual Allegations

9. Plaintiff is, and has been since approximately August 2024, the sole and regular user of his cellular telephone number—(XXX) XXX-9412.

10. Defendant delivered, or caused to be delivered, numerous artificial or prerecorded voice messages to telephone number (XXX) XXX-9412 in 2025.

11. For example, on or about April 22, 2025, Defendant placed or caused to be placed a call to telephone number (XXX) XXX-9412.

12. In connection with its call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-9412 on April 22, 2025.

---

[2] *See* https://vfinancial.net/about-us/ (last visited August 12, 2025).

13. In connection with this April 22, 2025 call from telephone number (866) 397-9295, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 an artificial or prerecorded voice message, stating:

> Please have Daniel L. Redman call St. Mary's business office at the following number: 866-397-9295. Again, the number is 866-397-9295. When returning this call, please refer to reference number R68721. Again, the reference number is R68721. Thank you. Goodbye.

14. Plaintiff received and listened to this April 22, 2025 artificial or prerecorded voice message.

15. The tone and speech pattern of this April 22, 2025 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

16. In this April 22, 2025 voice message, the tone and speech patterns used for "Daniel L. Redman" and "R68721" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

17. When dialed, telephone number (866) 397-9295 connects to an answering service for a "billing office."

18. On or about April 29, 2025, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-9412.

19. In connection with its call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-9412 on April 29, 2025.

20. In connection with this April 29, 2025 call from telephone number (866) 397-9295, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 an artificial or prerecorded voice message, stating:

> Please have Daniel L. Redman call St. Mary's business office at the following number: 866-397-9295. Again, the number is 866-397-9295. When returning this

> call, please refer to reference number R68721. Again, the reference number is R68721. Thank you. Goodbye.

21. Plaintiff received and listened to this April 29, 2025 artificial or prerecorded voice message.

22. The tone and speech pattern of this April 29, 2025 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

23. In this April 29, 2025 voice message, the tone and speech patterns used for "Daniel L. Redman" and "R68721" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

24. Defendant's April 29, 2025 voice message to Plaintiff's telephone number was identical in content, tone, and speech pattern to its prior April 22, 2025 voice message, further indicating they were prerecorded.

25. On or about May 6, 2025, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-9412.

26. In connection with its call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-9412 on May 6, 2025.

27. In connection with this May 6, 2025 call from telephone number (866) 397-9295, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 an artificial or prerecorded voice message, stating:

> Please have Daniel L. Redman call St. Mary's business office at the following number: 866-397-9295. Again, the number is 866-397-9295. When returning this call, please refer to reference number R68721. Again, the reference number is R68721. Thank you. Goodbye.

28. Plaintiff received and listened to this May 6, 2025 artificial or prerecorded voice message.

29. The tone and speech pattern of this May 6, 2025 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

30. In this May 6, 2025 voice message, the tone and speech patterns used for "Daniel L. Redman" and "R68721" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

31. Defendant's May 6, 2025 voice message to Plaintiff's telephone number was identical in content, tone, and speech pattern to its prior April 22 and 29, 2025 voice messages, further indicating they were prerecorded.

32. On or about May 13, 2025, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-9412.

33. In connection with its call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-9412 on May 13, 2025.

34. In connection with this May 13, 2025 call from telephone number (866) 397-9295, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 an artificial or prerecorded voice message, stating:

> Please have Daniel L. Redman call St. Mary's business office at the following number: 866-397-9295. Again, the number is 866-397-9295. When returning this call, please refer to reference number R68721. Again, the reference number is R68721. Thank you. Goodbye.

35. Plaintiff received and listened to this May 13, 2025 artificial or prerecorded voice message.

36. The tone and speech pattern of this May 13, 2025 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

37. In this May 13, 2025 voice message, the tone and speech patterns used for "Daniel L. Redman" and "R68721" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

38. Defendant's May 13, 2025 voice message to Plaintiff's telephone number was identical in content, tone, and speech pattern to its prior voice messages on April 22, April 29, and May 6, 2025, further indicating they were prerecorded.

39. On or about May 20, 2025, Defendant placed or caused to be placed another call to telephone number (XXX) XXX-9412.

40. In connection with its call, Defendant delivered or caused to be delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-9412 on May 20, 2025.

41. In connection with this May 20, 2025 call from telephone number (866) 397-9295, Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 an artificial or prerecorded voice message, stating:

> Please have Daniel L. Redman call St. Mary's business office at the following number: 866-397-9295. Again, the number is 866-397-9295. When returning this call, please refer to reference number R68721. Again, the reference number is R68721. Thank you. Goodbye.

42. Plaintiff received and listened to this May 20, 2025 artificial or prerecorded voice message.

43. The tone and speech pattern of this May 20, 2025 voice message are consistent with the use of an artificial or prerecorded voice, and not consistent with live speech.

44. In this May 20, 2025 voice message, the tone and speech patterns used for "Daniel L. Redman" and "R68721" are distinct from the tone and speech pattern of the remainder of the message, further indicating it is not live speech.

45. Defendant's May 20, 2025 voice message to Plaintiff's telephone number was identical in content, tone, and speech pattern to its prior voice messages on April 22, April 29, May 6, and May 13, 2025, further indicating they were prerecorded.

46. Plaintiff received other, related calls on his telephone number (XXX) XXX-9412 from a "St. Mary's Medical Center."

47. For example, on February 26, 2025, Plaintiff received on telephone number (XXX) XXX-9412 an artificial or prerecorded voice message from telephone number (304) 397-0068 in Hurricane, West Virginia, stating: "Hello. This is a courtesy follow-up call from St. Mary's Medical Center. Have a blessed day."

48. And on March 21, 2025, Plaintiff received on telephone number (XXX) XXX-9412 an artificial or prerecorded voice message from telephone number (304) 316-6636 in New Cumberland, West Virginia, stating:

> Hello. We are calling for an upcoming appointment for Daniel at St. Mary's Medical Management CBT on March 24, 2025 at 1 p.m. Please call us back at 304-399-7530 within the next 48 hours to confirm your appointment. Thank you and have a great day.

49. Plaintiff has not received any medical services at, or through, a St. Mary's Medical Center in West Virginia.

50. Plaintiff does not have, and never did have, any relationship with a St. Mary's Medical Center in West Virginia.

51. Plaintiff did not provide telephone number (XXX) XXX-9412 to Defendant.

52. Defendant did not obtain telephone number (XXX) XXX-9412 from Plaintiff.

53. Plaintiff did not provide telephone number (XXX) XXX-9412 to St. Mary's Medical Center.

54. St. Mary's Medical Center did not obtain telephone number (XXX) XXX-9412 from Plaintiff.

55. Plaintiff did not give Defendant prior express consent to place calls to telephone number (XXX) XXX-9412 using an artificial or prerecorded voice.

56. Defendant did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-9412 using an artificial or prerecorded voice.

57. Plaintiff did not give St. Mary's Medical Center prior express consent to place calls to telephone number (XXX) XXX-9412 using an artificial or prerecorded voice.

58. St. Mary's Medical Center did not obtain from Plaintiff prior express consent to place calls to telephone number (XXX) XXX-9412 using an artificial or prerecorded voice.

59. Plaintiff informed Defendant that it was calling the wrong telephone number in placing or causing to be placed calls to telephone number (XXX) XXX-9412.

60. The subject artificial or prerecorded voice messages Defendant delivered or caused to be delivered to telephone number (XXX) XXX-9412 were intended for someone other than, and unknown to, Plaintiff.

61. Specifically, Defendant placed or caused to be placed calls to telephone number (XXX) XXX-9412 intending to reach Daniel L. Redman, who is unknown to Plaintiff.

62. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-9412 voluntarily.

63. Defendant placed or caused to be placed the subject calls to telephone number (XXX) XXX-9412 under its own free will.

64. Defendant had knowledge it was using or causing to be used an artificial or prerecorded voice in connection with the subject calls to telephone number (XXX) XXX-9412.

65. Defendant's records will identify each call it placed or caused to be placed to telephone number (XXX) XXX-9412.

66. Defendant's records will identify each artificial or prerecorded voice message it delivered or caused to be delivered to telephone number (XXX) XXX-9412.

67. Plaintiff suffered actual harm as a result of the prerecorded voice messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

68. Plaintiff found Defendant's numerous artificial or prerecorded voice messages to be irritating and invasive.

69. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses or causes to be used an artificial or prerecorded voice in connection with calls it places or causes to be placed to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**CLASS ACTION ALLEGATIONS**

70. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Vanguard Financial Services, Inc. placed, or caused to be placed, a call, (2) directed to a telephone number assigned to a cellular telephone service, but not assigned to a person with an account assigned to or serviced by Vanguard Financial Services, Inc., (3) in connection with which Vanguard Financial Services, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from four years prior to the filing of this class action complaint through the date of class certification.

71. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest

72. Upon information and belief, the members of the class are so numerous that

joinder of all of them is impracticable.

73. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

74. The class is ascertainable because it is defined by reference to objective criteria.

75. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

76. Plaintiff's claims are typical of the claims of the members of the class.

77. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

78. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

79. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

80. Plaintiff suffered the same injuries as the members of the class.

81. Plaintiff will fairly and adequately protect the interests of the members of the class.

82. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

83. Plaintiff will vigorously pursue the claims of the members of the class.

84. Plaintiff has retained counsel experienced and competent in class action litigation.

85. Plaintiff's counsel will vigorously pursue this matter.

86. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

87. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

88. Among the issues of law and fact common to all members of the class:

a. Defendant's conduct, pattern, and practice as it pertains to placing or causing to be placed calls in connection with which it uses, or causes to be used, an artificial or prerecorded voice;

b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

c. The availability of statutory penalties.

89. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

90. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

91. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

92. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

93. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

94. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

95. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

96. There will be no extraordinary difficulty in the management of this action as a class action.

97. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**

98. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 97.

99. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using or causing to be used an artificial or prerecorded voice in connection with calls it placed or caused to be placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

100. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action;

B. Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

C. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

D. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

E. Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

F. Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

G. Awarding members of the class treble damages under 47 U.S.C. § 227(b)(3);

H. Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

I. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

J. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED: August 12, 2025

Respectfully submitted,


*/s/ Brian T. Giles*
Brian T. Giles (Ohio Bar No. 0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Tel. 513-379-2715
bgiles@gilesharper.com

Jesse S. Johnson (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
jjohnson@gdrlawfirm.com


*Counsel for Plaintiff and the proposed class*